**FORMER EMPLOYEES OF NL INDUSTRIES, INC., Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF LABOR, Defendant.**

Court No. 89–03–00127.

United States Court of International Trade.

June 27, 1989.

Harold G. Hopkins, pro se.

Stuart E. Schiffer, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C., Platte B. Moring, III, for defendant.

## OPINION

CARMAN, Judge.

Defendant Department of Labor moves pursuant to Rule 12(b)(5) of the Rules of this Court to dismiss this action for failure to state a claim upon which relief can be granted. Labor claims the plaintiffs failed to file their petition for trade adjustment assistance within the statutory deadline imposed by section 1421(a) of the Omnibus Trade and Competitiveness Act of 1988, Pub.L. No. 100–418, 102 Stat. 1107, 1242–43 (1988) (hereinafter OTCA). Plaintiffs, former employees of NL Industries represented *pro se*, failed to respond to this motion. On the basis of the facts of this case, the plain meaning of the statute and judicial precedent, this Court must dismiss this action.

## BACKGROUND

Plaintiffs filed a petition for certification of eligibility for trade adjustment assistance with Labor dated February 22, 1989 on behalf of workers at two NL Treating Chemicals plants in Oklahoma City, Oklahoma, and Houston, Texas. The petition alleges that "Hundreds" of workers engaged in production of oil field drilling fluids and production chemicals were separated from employment beginning in September of 1983 due to increased imports of oil.

By letter dated March 2, 1989 Labor returned plaintiffs' petition contending it failed to meet the filing requirements of the OTCA. The letter stated in part as follows:

OTCA extends [trade adjustment assistance] eligibility to some independent

gas and oil industry workers engaged in drilling or exploration services. It gave them a one-time 90 day opportunity to file for retroactive benefits, by November 18, 1988, as if they were producing oil and gas. Your petition dated February 22, 1989 was received in the Office of Trade Adjustment Assistance (OTAA) after the November 18, 1988 deadline and therefore does not meet the filing requirements of OTCA to obtain retroactive [trade adjustment assistance] benefits. There is no provision for extending the filing period or waiving the filing requirement.

By an undated letter to the clerk of this Court plaintiffs' *pro se* representative contested Labor's refusal to accept for filing their petition for trade adjustment assistance. The clerk of this Court deemed the letter a valid summons and complaint filed on March 9, 1989. In the letter, plaintiffs argue that they should not be penalized for their late filing because NL Industries was not "interested enough" in its employees to file in their behalf. The letter also appeals to this Court to reinstate the petition on the grounds of basic fairness.

In its Motion to Dismiss, Labor notes that section 1421(a)(1)(B) of the OTCA created a one-time exception to the one year filing rule (*see* 19 U.S.C. § 2273(b)(1) set out *infra*) for workers engaged in the production of oil and gas who were separated from employment after September 30, 1985. Labor claims that the OTCA established that all claims for trade adjustment assistance had to be filed by November 18, 1988, or ninety days from the date of the OTCA's enactment which was August 23, 1988. Labor concludes that since judicial precedent holds the statutory time limit for filing cannot be waived or tolled, plaintiffs' petition dated February 22, 1989 was not timely.

## DISCUSSION

Prior to the enactment of the Trade and Competitiveness Act of 1988, section 222 of the Trade Act of 1974 (hereinafter the 1974 Act), 19 U.S.C. § 2272, authorized the Secretary of Labor to certify a group of work-

ers for trade adjustment assistance if, among other things, increases of articles like or directly competitive with articles produced by the separated workers' firm contributed importantly to their total or partial separation and to the decline in the firm's sales or production. Section 223 of the 1974 Act, 19 U.S.C. § 2273, requires the Secretary of Labor to determine whether petitioning workers meet the eligibility requirements for adjustment assistance set forth in section 222 of the 1974 Act, and to issue a certification of eligibility to apply for assistance to any worker group meeting such requirements. The statute also provides in pertinent part as follows:

(b) Workers covered by certification

A certification [of eligibility] under this section *shall not apply* to any worker whose last total or partial separation from the firm or appropriate subdivision of the firm before his application under section 2291 [for trade readjustment allowances] of this title occurred—

(1) *more than one year before the date of the petition* on which such certification was granted....

19 U.S.C. § 2273(b) (1982) (emphasis added).

Prior to the enactment of the OTCA, under section 222 of the 1974 Act, workers engaged in the exploration for oil have been held not to "produce" an article within the meaning of the statute and, therefore, ineligible for trade adjustment assistance. *Former Employees of Zapata Offshore Co., Inc. v. United States*, 11 CIT ——, Slip Op. 87–124, 1987 WL 14691 (Nov. 9, 1987). Additionally, based upon the statutory language and the legislative history of section 223, this Court has held that the one year rule for filing trade adjustment assistance petitions cannot be waived or tolled but must be interpreted strictly. Accordingly, this Court has dismissed actions (or parts of actions) in which the workers' petition for certification for trade adjustment assistance was filed more than one year after the date upon which their employment was terminated, stating that the one year rule is not waivable. *United Mine Workers of America v. Brock*, 11

CIT ——, 664 F.Supp. 543, 544 (1987); *Former Employees of Westmoreland Mfg. Co. v. United States,* 10 CIT 784, 787–88, 650 F.Supp. 1021, 1024–25 (1986).

Effective August 23, 1988, section 1421(a) of the OTCA, amended section 222 of the 1974 Act, 19 U.S.C. § 2272, by adding at the end thereof a new subsection (b) which states in pertinent part:

For purposes of subsection (a)(3)—

. . . .

(2)(A) Any firm, or appropriate subdivision of a firm, that engages in exploration or drilling for oil or natural gas shall be considered to be a firm producing oil or natural gas.

(B) Any firm, or appropriate subdivision of a firm, that engages in exploration or drilling for oil or natural gas, or otherwise produces oil or natural gas, shall be considered to be producing articles directly competitive with imports of oil and with imports of natural gas.

102 Stat. at 1242–43.

Section 1421(a)(1)(B) of the OTCA also added the following provision allowing certain one-time exceptions to the one year filing rule contained in section 223(b) of the 1974 Act:

Notwithstanding section 223(b) of the Trade Act of 1974, or any other provision of law, any certification made under subchapter A of chapter 2 of title II of such Act which—

(i) is made with respect to a petition filed before the date that is 90 days after the date of enactment of this Act, and

(ii) would not have been made if the amendments made by subparagraph

(A) had not been enacted into law,

shall apply to any worker whose most recent total or partial separation from the firm, or appropriate subdivision of the firm, described in section 222(a) of such Act occurs after September 30, 1985.

102 Stat. at 1243.

Thus, since August 23, 1988, the effective date of the OTCA amendments, a firm engaged in the exploration or drilling for oil is to be considered a firm producing an article (oil) directly competitive with imports of oil. Additionally, workers separated after September 30, 1985 from a firm engaged in the exploration or drilling for oil, who were not eligible for trade adjustment assistance prior to the 1988 amendment, were given a one-time opportunity to apply for trade adjustment assistance, regardless of the one year rule, by filing a petition within ninety days after the effective date of the 1988 Act. *See Trade Adjustment Assistance; Oil and Gas Exploration and Drilling Workers; Petitions,* 53 Fed.Reg. 35,390 (Sept. 13, 1988); H.R. Conf.Rep. No. 576, 100th Cong., 2nd Sess. 694, *reprinted in* 1988 U.S.Code Cong. & Admin. News 1547, 1727.

Since the OTCA's effective date was August 23, 1988, plaintiffs' petition dated February 22, 1989 and received by Labor sometime thereafter was untimely filed.

## CONCLUSION

This Court is constrained to give effect to statutory enactments as mandated by Congress even though the results may appear harsh. Whatever the merits of plaintiffs' claims, the statutory scheme as enacted by Congress and discussed in this case, provides them no relief. On the basis of the foregoing, this Court holds plaintiffs' petition was untimely filed and it was appropriate for the Department of Labor to refuse to accept it. Consequently, plaintiffs' have failed to state a claim upon which relief can be granted and this action is dismissed.